Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Kate Gibson Kumar (TX Bar No. 2413588)
Alana Park (TX Bar No. 24150568)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760
Tel: (512) 474-5073 ext. 225
kate@texascivilrightsproject.org
alana@texascivilrightsproject.org

Emma Yip (CA Bar No. 352446)*
Shannon Eva Labuschagne (CA Bar No. 365633)*
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Ste. 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

*Pro Hac Vice Applications Forthcoming*

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> *Defendant.* | Case No.  3:26-cv-00976 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

**INTRODUCTION**

1.      In this action, the CENTER FOR BIOLOGICAL DIVERSITY ("Center") challenges the failure of Defendant—U.S. CUSTOMS AND BORDER PROTECTION ("CBP")—to promptly provide records in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The records at issue document the planning, proposed construction, and stated justifications for a project that will build hundreds of miles of border wall through irreplaceable wilderness along the Rio Grande River.

2.      If completed, the 30-foot-tall wall will choke access to the desert landscape's most vital resource—the Rio Grande River—upending livelihoods, destroying a thriving outdoor recreation industry, imperiling wild species, and irreversibly damaging ecologically sensitive wilderness. A physical barrier would also permanently sever vital movement pathways for wildlife, including jaguars, bears, bighorn sheep and antelope, while simultaneously providing little to no benefit to border control and security.

3.      On October 15, 2025, former Department of Homeland Security ("DHS") Secretary Kristi Noem announced that the entirety of the U.S.–Mexico border, including the Big Bend Sector, was "an area of high illegal entry" and waived dozens of procurement laws for border barrier construction along the full expanse of the southern border. 90 Fed. Reg. 48286, 48287 (Oct. 15, 2025) (Big Bend Sector) ("Big Bend Procurement Waiver"); 90 Fed. Reg. 48281 (Oct. 15, 2025) (Tucson Sector); 90 Fed. Reg. 48282 (Oct. 15, 2025) (El Centro Sector); 90 Fed. Reg. 48283, 48284 (Oct. 15, 2025) (Del Rio Sector); 90 Fed. Reg. 48284, 48285 (Oct. 15, 2025) (Rio Grande Valley Sector); 90 Fed. Reg. 48285, 48286 (Oct. 15, 2025) (Yuma Sector); 90 Fed. Reg. 48287, 48288 (Oct. 15, 2025) (Laredo Sector); 90 Fed. Reg. 48288, 48289 (Oct. 15, 2025) (El Paso Sector); 90 Fed. Reg. 48289, 48290 (Oct. 15, 2025) (San Diego Sector).

4.      On February 17, 2026, the DHS Secretary again announced the waiver of an additional 29 laws designed to protect the nation's most cherished cultural, recreational, wildlife and environmental resources across over 250 miles of the southern border in Texas' Big Bend Sector. *See* Determination Pursuant to Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as Amended, 91 Fed. Reg. 7297 (Feb. 17, 2026) ("Big Bend Environmental Waiver"). These include the National Environmental Policy Act, Endangered Species Act, the Clean Water Act, Native American Graves Protection and Repatriation Act, and other bedrock environmental and cultural preservation laws. *Id.*

5.      The Big Bend Procurement Waiver and Big Bend Environmental Waiver (together, "Big Bend Waivers") were issued pursuant to Section 102(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, Div. C, 110 Stat. 3009-546 (codified at 8 U.S.C. § 1103 note), as amended. IIRIRA grants the DHS Secretary authority to "waive all legal requirements," that the Secretary determines, in the Secretary's "sole discretion," are "necessary to ensure expeditious construction" of physical barriers and roads in the vicinity of the U.S.–Mexico border "to deter illegal crossings in areas of high illegal entry." 8 U.S.C. § 1103(a), (c) note.

6.      Even though the U.S. Border Patrol Big Bend Sector spans over a quarter of the entire U.S.–Mexico border, it accounted for just 1.3% of total apprehensions in fiscal year 2025.[1] Nevertheless, both the Big Bend Waivers determined that the entire Sector "is an area of high illegal entry."

---

[1] *See* U.S. Customs & Border Prot., *Illegal Border Crossings in Big Bend Sector Fall Significantly in FY 2025*, U.S. DEP'T OF HOMELAND SEC. (Dec. 5, 2025), https://www.cbp.gov/newsroom/local-media-release/illegal-border-crossings-big-bend-sector-fall-significantly-fy-2025 (noting the Big Bend Sector recorded 3,096 apprehensions in fiscal year 2025); U.S. Dep't of Homeland Sec., *Lowest Fiscal Year for Border Patrol Apprehensions Since 1970*, DEP'T OF HOMELAND SEC. (Oct. 7, 2025), https://www.dhs.gov/news/2025/10/07/lowest-fiscal-year-border-patrol-apprehensions-1970 (noting Southwest Border Apprehensions totaled 237,565 in fiscal year 2025).

7.      On March 6, 2026, the Center submitted a FOIA request to Defendant seeking records related to the contracting, planning, or construction of border wall or associated infrastructure in the U.S. Border Patrol Big Bend Sector. The Center then submitted a second FOIA request seeking Border Patrol records on apprehensions in the Big Bend Sector. As of the date of this filing, the Center has received no response from the agencies. The requested records are vital to understanding the basis, rationale, and likely impacts of border wall construction and associated infrastructure in the area. Such information is also necessary for meaningful participation in the public process. Without timely disclosure, the Center and its members cannot effectively understand or respond to CBP's proposed plans, thereby undermining FOIA's core purpose of ensuring government transparency and accountability.

8.      Prompt access to these records is necessary to realize FOIA's statutory purpose of transparency and accountability in government operations. The need for timely disclosure is especially urgent given the rapid pace CBP is moving ahead with contracting and construction, and the total lack of procedural safeguards due to the expansive waiver issuance.

9.      Accordingly, the Center seeks (1) declaratory relief establishing that Defendant has violated FOIA and (2) injunctive relief directing Defendant to provide the Center with determinations and estimated dates of completion for its requests, to conduct adequate searches for responsive records, and to promptly release all responsive records without further delay.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11.     Venue is proper in this district because this case is brought under FOIA and because the requested records are located in this district. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(e).

**PARTIES**

12.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with more than 101,000 members. The Center is headquartered in Tucson, Arizona, with offices throughout the United States. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; and healthy communities.

13.     FOIA requires Defendant to search for and promptly produce requested records to the Center. Defendant's failure to do so injures the Center by depriving it of timely information about Defendant's plans to construct miles of border wall in the U.S. Border Patrol Big Bend Sector. Construction and maintenance of the wall will block access to the Rio Grande River and destroy an iconic and irreplaceable section of the Chihuahuan desert wilderness.

14.     Timely disclosure is vital to ensure that the Center and its members can understand the plans for construction, the impacts of the proposed barriers, and meaningfully participate in advocacy through the public process.

15.     Defendant's failure to comply with FOIA also injures the Center's ability to provide complete, accurate, and current information to its members and the public on a matter of public interest. The need for timely disclosure is especially salient given the rapid pace and total lack of transparency through which contracts and construction for the border wall are proceeding. Absent this information, the Center's mission to protect endangered and threatened

5

species and their habitats is adversely affected. The relief requested will remedy the injuries Defendant caused to the Center by compelling timely disclosure of the requested records.

16.     Defendant U.S. CUSTOMS AND BORDER PROTECTION is an agency within DHS. CBP is responsible for ensuring border security along the U.S.–Mexico border consistent with applicable legal requirements. Defendant CBP is the federal agency that possesses and controls the records the Center seeks and thus is subject to FOIA. *See* 5 U.S.C. § 552(f). As such, CBP is responsible for fulfilling the Center's FOIA requests.

**STATUTORY BACKGROUND**

17.     FOIA's primary purpose is to improve government transparency and accountability by requiring the disclosure of agency records and information. It establishes the public's right to access federal agency records, 5 U.S.C. § 552(a), unless one or more narrow statutory exemptions apply, *id*. § 552(b).

18.     Recognizing that the timely disclosure of requested records is essential to fulfilling its purpose, FOIA imposes strict deadlines for agencies to respond to FOIA requests. Specifically, within twenty working days of receiving a request, an agency must (1) determine if it will release requested records and (2) notify the requester of (a) its determination and the reasons therefore, (b) the right to seek assistance from the FOIA Public Liaison, and (c) the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A).

19.     In order to make a lawful "determination," the agency must, at the very least: (i) "gather and review the documents;" (ii) "determine and communicate the scope of the documents it intends to produce" and, if applicable, withhold, and the reasons for withholding documents, if any; and (iii) "inform the requester that it can appeal whatever portion of the

6

'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

20.    FOIA provides only limited circumstances under which a federal agency may take longer than twenty business days to make a determination. First, the agency may extend the twenty-business day deadline for up to ten additional business days while the agency is waiting for the information that it has reasonably requested from the requester. 5 U.S.C. §§ 552(a)(6)(A)(ii)(I), 552(a)(6)(B)(i). Second, the agency may extend the twenty-business day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. *Id*. §§ 552(a)(6)(A)(ii)(II), 552(a)(6)(B)(i). Additionally, if the agency faces "unusual circumstances," the agency may extend the twenty-business day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). No extension can exceed ten business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id*. § 552(a)(6)(B)(ii).

21.    Under FOIA, "unusual circumstances" are defined as: "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;" "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request;" or "the need for consultations . . . with another agency having a substantial interest in the

determination of the request or among two or more components of the agency having substantial subject-matter interest therein." *Id.* § 552(a)(6)(B)(iii).

22.    FOIA requires agencies to process requests on an expedited basis when the requester demonstrates a "compelling need." *Id*. § 552(a)(6)(E)(i)(I). A compelling need exists where there is "urgency to inform the public concerning actual or alleged Federal Government activity," and the request is made by persons "primarily engaged in disseminating information." *Id*. § 552(a)(6)(E)(v). Agencies must determine whether to provide expedited processing within ten days of receiving the request. *Id.* § 552(a)(6)(E)(ii).

23.    Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, according to the above provisions, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty-day deadline set forth in Section 552(a)(6)(A)(i).

24.    FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(C)–(D).

25.    FOIA requires federal agencies to disclose requested records promptly. *Id*. § 552(a)(3)(A), 552(a)(6)(C)(i).

26.    A requestor is deemed to have exhausted its administrative remedies, and may seek immediate judicial review of the matter, if the agency fails to comply with the twenty-day time limit. *Id.* § 552(a)(6)(C).

27.    An agency shall not assess any search or duplication fees when the agency fails to comply with this time limit. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

28.     To enforce these FOIA provisions, Congress provided for *de novo* judicial review. 5 U.S.C. § 552(a)(4)(B). FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

29.     In such a case, "the burden is on the agency to sustain its action." *Id*.

### STATEMENT OF FACTS

**A. The Center's First March 6, 2026 Request to DHS, CBP and Big Bend Border Patrol Sector (CBP-FO-2026-071728)**

30.     On March 6, 2026, the Center submitted a FOIA request to CBP for records from January 1, 2025, to the date the agency conducts the relevant search, seeking records related to the contracting, planning, or construction of border wall and associated infrastructure in Big Bend Border Patrol Sector, Big Bend State Park, and Big Bend National Park.

31.     Expedited processing was requested given the extreme public concern about potential border wall construction in the region and the urgent need to inform the public of the Federal Government's plans.

32.     As of the date of this filing, the Center has not received a response from CBP.

33.     As of the date of this filing, more than twenty working days have passed since CBP received the Center's March 6, 2026 FOIA request. This is past the twenty working day deadline required under FOIA. 5 U.S.C. § 552(a)(6)(A).

34.     As of the date of this filing, CBP has not provided a lawful determination to the Center describing the scope of the records CBP intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A). It has also not

9

provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

35.     As of the date of this filing, CBP has not disclosed any records to the Center pursuant to its March 6, 2026 FOIA request.

36.     As of the date of this filing, CBP has not requested additional information from the Center, notified the Center of any lawful circumstances that prevent CBP from complying with FOIA's deadline for a determination and prompt release of responsive records, or provided a date by which it expects to make a determination on the Center's March 6, 2026 FOIA request. *Id.* § 552(a)(6)(A)–(B). CBP has also not disclosed search terms sufficient to show that the agency performed an adequate search.

**B.  The Center's Second March 6, 2026 Request to DHS, CBP and Big Bend Border Patrol Sector (CBP-FO-2026-071725)**

37.     On March 6, 2026, the Center submitted a second FOIA request to CBP for records from January 1, 2025, to the date the agency conducts the relevant search, seeking communications from the Big Bend Border Patrol Sector staff and other relevant departments regarding Border Patrol apprehensions in Big Bend Ranch State Park and Big Bend National Park mentioning or discussing the Big Bend Border Patrol Sector, and various areas within the Sector, as areas of high illegal entry; and mentioning or discussing how or whether the project area is an area of high illegal entry.

38.     Expedited processing was requested given the extreme public concern about potential border wall construction in the region and the urgent need to inform the public of the Federal Government's plans.

39.     As of the date of this filing, the Center has not received a response from CBP.

40.     As of the date of this filing, more than twenty working days have passed since CBP received the Center's March 6, 2026 FOIA request. This is past the twenty working day deadline required under FOIA. *Id.* § 552(a)(6)(A).

41.     As of the date of this filing, CBP has not provided a lawful determination to the Center describing the scope of the records CBP intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in *id.* § 552(a)(6)(A). It has also not provided an estimated date on which the agency will complete action on the request. *Id.* § 552(a)(7)(B)(ii).

42.     As of the date of this filing, CBP has not disclosed any records to the Center pursuant to its March 6, 2026 FOIA request.

43.     As of the date of this filing, CBP has not requested additional information from the Center, notified the Center of any lawful circumstances that prevent CBP from complying with FOIA's deadline for a determination and prompt release of responsive records, or provided a date by which it expects to make a determination on the Center's March 6, 2026 FOIA request. *Id.* § 552(a)(6)(A)–(B). CBP has also not disclosed search terms sufficient to show that the agency performed an adequate search.

## CLAIM FOR RELIEF

**Customs and Border Protection: Violation of the Freedom of Information Act**

44.     Plaintiff re-alleges and incorporates by reference all allegations made in all preceding paragraphs.

45.     Defendant CBP's failure to respond to the Center's FOIA request has violated the statutory deadlines imposed by FOIA. *Id.* § 552(a)(6)(A).

46.     CBP violated the Center's statutory right to lawful and timely determinations on the Center's March 6, 2026 requests. 5 U.S.C. § 552(a)(6)(A).

47.     CBP violated the Center's statutory right by unlawfully failing to conduct adequate searches reasonably calculated to locate all records responsive to the Center's March 6, 2026 FOIA requests. *Id.*

48.     CBP violated the Center's statutory right by failing to provide the Center with an estimated date of completion for the Center's March 6, 2026 FOIA requests. *Id*. § 552(a)(3)(B).

49.     CBP violated the Center's statutory right to the prompt disclosure of the requested records, and there is no lawful basis for CBP's withholding of this information. *Id*. § 552(a)(3)(A).

50.     CBP's failure to make determinations on the Center's March 6, 2026 FOIA requests, to conduct adequate searches in response to those requests, to provide estimated dates of completion, and to disclose the requested information and records responsive to the Center's FOIA requests violates FOIA, 5 U.S.C. § 552(a)(3).

51.     The Center is being irreparably harmed by reason of Defendant CBP's FOIA violations, and the Center will continue to be irreparably harmed unless Defendant CBP is compelled to conform its conduct to the requirements of the law.

52.     The Center is entitled to declaratory and injunctive relief compelling the release and disclosure of the requested agency records.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Declare that Defendant violated FOIA by failing to provide timely, lawful determinations and estimated dates of completion on Plaintiff's March 6, 2026 FOIA requests,

by failing to conduct adequate searches for responsive records, and by failing to disclose all responsive records promptly;

(2)    Order Defendant to provide determinations on Plaintiff's March 6, 2026 FOIA requests;

(3)    Enjoin Defendant from withholding any nonexempt responsive records or segregable portions of responsive records;

(4)    Retain jurisdiction of this action to ensure that Defendant comply with FOIA and all orders of this Court;

(5)    Enter an order declaring Plaintiff is entitled to a full fee waiver under 5 U.S.C. § 552(a)(4)(A);

(6)    Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7)    Grant such other and further relief as the Court may deem just and proper.

DATED: April 7, 2026                    Respectfully submitted,

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Kate Gibson Kumar (TX Bar No. 2413588)
Alana Park (TX Bar No. 24150568)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 17757
Austin, TX 78760

13

Tel: (512) 474-5073 ext. 225
kate@texascivilrightsproject.org
alana@texascivilrightsproject.org

Emma Yip (CA Bar No. 352446)*
Shannon Eva Labuschagne (CA Bar No. 365633)*
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org
slabuschagne@biologicaldiversity.org

*Pro Hac Vice Applications Forthcoming*

*Attorneys for Plaintiff*

14