IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

CENTER FOR BILOGICAL           §
DIVERSITY,                     §
                               §
  Plaintiff,                   §
                               §
                               §
v.                             §          CAUSE NO. EP-26-CV-976-KC
                               §
U.S. CUSTOMS AND BORDER        §
PROTECTION,                    §
                               §
  Defendant.                   §

## ORDER

On this day, the Court considered Defendant's Motion for Extension of Time to File Answer, ECF No. 7.  Defendant requests a sixty-day extension of its deadline to file an answer or other responsive pleading, from May 21, 2026, to July 20, 2026.  *Id.* at 2.  Defendant argues that there is good cause to do so "due to the undersigned AUSA's heavy workload in other cases." *Id.*  Defense counsel is currently in a bench trial, which began yesterday, May 18, 2026, and has five other answer or response deadlines between now and July 10.  *Id.*  Plaintiff opposes this request and argues that Defendant does not show good cause and that the requested extension would "significantly prejudice Plaintiff."  Resp. 1, ECF No. 9.

First, Plaintiff notes that under the Freedom of Information Act ("FOIA"), the government's usual sixty-day deadline for a responsive pleading is reduced to thirty days because information is often only useful if timely.  *Id.* at 1, 4–5.  Thus, although Plaintiff recognizes that "Defendant's counsel is managing a considerable caseload," this reason does not satisfy the good cause standard because of "the mounting urgency for the public to access the records requested."  *Id.* at 4.  Lastly, Plaintiff argues that the requested records contain "time-

sensitive information necessary to understand and respond to rapidly evolving plans for border wall construction in the Big Bend Sector." *Id.* at 6. And that without them, Plaintiff along with local communities and landowners, cannot adequately prepare "to advocate against construction plans." *Id.* Plaintiff points to local reporting that states construction could start as soon as June 1, public government contract records that show Defendant awarded a $1.7 billion contract for border wall construction in Big Bend National Park on May 11, and the May 15 waiver by Secretary of Homeland Security Markwayne Mullin of "dozens of environmental, public health, and cultural preservation laws in the Big Bend Sector." *Id.* at 3, 6. Thus, Plaintiff argues that allowing Defendant to respond to this request for information on July 20 "would deprive Plaintiff and the public of timely information at the very moment it is most needed and effectively render FOIA's guarantee of prompt disclosure meaningless." *Id.* at 7.

Under the FOIA, defendants have thirty days from service to file a responsive pleading. 5 U.S.C. § 552(a)(4)(C). The deadline may be extended "for good cause." Fed. R. Civ. P. 6(b)(1). And the decision of whether to grant or deny an extension of the deadline is within the Court's discretion. *See Benitez v. Atkins*, No. 17-cv-233, 2018 WL 7288765, at *3 (S.D. Miss. June 11, 2018). Considering the parties arguments, and the possibility that construction may begin as soon as June 1, the Court finds that a modest extension is warranted, but not as lengthy as Defendant requests.

Accordingly, the Court **ORDERS** that Defendant's Motion, ECF No. 7, is **GRANTED in part and DENIED in part**. Defendant shall **FILE** an answer or otherwise respond to the Complaint **by no later than June 1, 2026**.

2

**SO ORDERED**.

SIGNED this 19th day of May, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE