**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>　　　Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | EP-26-CV-00976-KC |
| U.S. CUSTOMS AND BORDER PROTECTION,<br>　　　Defendant. | §<br>§<br>§<br>§ | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, U.S. Customs and Border Protection (CBP or the Agency), hereby respectfully files this Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief (the Complaint), in the above-styled and numbered cause. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response. However, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant expressly denies all of the allegations in the Complaint[1] that are not specifically admitted or otherwise qualified in this Answer. Without waiving any defenses or affirmative defenses to which Defendant may be entitled, Defendant admits, denies, and affirmatively asserts as to the enumerated paragraphs as follows:

---

[1] For ease of reference, Defendant's Answer replicates the headings in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## **INTRODUCTION**

1.      The first sentence of paragraph 1 contains Plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits only that this is a FOIA action against the Agency and denies the remaining allegations. To the extent that the second sentence purports to describe the records that Plaintiff is requesting through its FOIA requests, Defendant respectfully refers the Court to those requests for a full and accurate statement of their contents and denies all allegations inconsistent therewith. To the extent the allegations in this paragraph are alleged to support Plaintiff's criticism of a border wall, the allegations do not set forth claims for relief or aver facts in support of claims for relief and, therefore, should be stricken as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f). To the extent a response to those allegations is deemed required, the allegations are too vague and conclusory to permit a meaningful response and Defendant therefore denies the allegations.

2.      The allegations in this paragraph purport to characterize Plaintiff's criticism of a border wall and do not set forth claims for relief or aver facts in support of claims for relief; these allegations should therefore be stricken as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendant denies that a physical barrier will "provid[e] little to no benefit to border control and security." Defendant further avers that the remaining allegations are too vague and conclusory to permit a meaningful response and Defendant therefore denies the allegations.

3.      The allegations in paragraph 3 purport to characterize the statements of former Department of Homeland Security (DHS) Secretary Kristi Noem pursuant to 90 Fed. Reg. 48281-48290, which speak for themselves and are the best evidence of their contents. To the extent that

the allegations in paragraph 3 are inconsistent with the cited documents, Defendant denies the allegations.

4.      The allegations in paragraph 4 purport to characterize 91 Fed. Reg. 7297 (Feb. 17, 2026), which speaks for itself and is the best evidence of its contents. To the extent that the allegations in paragraph 4 are inconsistent with that document, Defendant denies the allegations.

5.      The allegations in paragraph 5 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to 91 Fed. Reg. 7297 and Section 102(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. 104-208, Div. C, 110 Stat. 3009-546 (codified at 8 U.S.C. § 1103 note), which speak for themselves and are the best evidence of their respective contents.  Defendant denies any allegations inconsistent therewith.

6.      The allegations in this paragraph do not set forth claims for relief or aver facts in support of claims for relief; these allegations should therefore be stricken as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, the term "apprehensions" in the first sentence of paragraph 6 is undefined, ambiguous, and fails to state specific facts sufficient to permit a meaningful response (e.g., the type and basis for "apprehensions," the agency or agencies alluded to, and the basis used to compute "total apprehensions"). Defendant therefore lacks knowledge and information sufficient to form a belief about the truth of the allegations and denies the allegations. The allegations in the second sentence of paragraph 6 purport to characterize 90 Fed. Reg. 48286 and 91 Fed. Reg. 7297, which speak for themselves and are the best evidence of their contents. To the extent that the allegations in the second sentence of paragraph 6 are inconsistent with those documents, Defendant denies the allegations.

7.      Regarding the first two sentences in paragraph 7, Defendant admits only that on or about March 6, 2026, FOIA requests numbered CBP-FO-2026-071728 and CBP-FO-2026-071725 were submitted to CBP and that the documents speak for themselves and are the best of evidence of their contents. To the extent that the first two sentences in paragraph 7 purport to describe the records that Plaintiff is requesting through its FOIA requests, Defendant respectfully refers the Court to those requests for a full and accurate statement of their contents and denies all allegations inconsistent therewith. Regarding the third sentence, Defendant admits that, for lawful reasons, it has not yet provided a response to the aforementioned FOIA requests. Regarding Plaintiff's reason(s) and motivation(s) for requesting the records, as described in the last three sentences, Defendant lacks knowledge and information sufficient to form a belief about the truth of those allegations and, therefore, denies those allegations. The remaining allegations are vague, conclusory, and fail to state specific facts sufficient to permit a meaningful response and, therefore, the allegations are denied.

8.      The allegations in this paragraph do not set forth claims for relief or aver facts in support of claims for relief; these allegations should therefore be stricken as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, the allegations are vague, ambiguous, conclusory, and fail to state specific facts sufficient to permit a meaningful response and, therefore, the allegations are denied.

9.      The allegations in paragraph 9 are Plaintiff's characterization of its requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

4

**JURISDICTION AND VENUE**

10.     The allegations in paragraph 10 constitute jurisdictional allegations to which no response is required. To the extent a response is required, Defendant admits generally that this Court has jurisdiction over FOIA matters pursuant to 5 U.S.C. § 552(a)(4)(B).  Defendant asserts that Plaintiff's reference to 28 U.S.C. § 1331 is unnecessary given the provisions of the FOIA.

11.     The reference to "requested records" is vague, ambiguous, conclusory, and fails to state specific facts sufficient to permit a meaningful response. Defendant therefore lacks knowledge and information sufficient to form a belief about the truth of that allegation and denies the allegation. The remaining allegations in paragraph 11 attempt to establish venue in this matter and are a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant admits only that if jurisdiction exists to hear this case, venue is proper in the Western District of Texas.

**PARTIES**

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13.     The allegations in the first sentence of paragraph 13 are a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant avers that the FOIA, 5 U.S.C. § 552, speaks for itself and is the best evidence of its contents, and Defendant denies any allegation inconsistent therewith. In addition, the reference to "requested records" is vague, ambiguous, conclusory, and fails to state specific facts sufficient to permit a meaningful response. Defendant therefore lacks knowledge and information sufficient to form a belief about the truth of the allegation and denies the allegation. The allegations in the second sentence of paragraph 13 purport to characterize Plaintiff's criticism of a border wall and do not set forth

5

claims for relief or aver facts in support of claims for relief; these allegations should therefore be stricken as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, the allegations are vague, ambiguous, conclusory, and fail to state specific facts sufficient to permit a meaningful response and, therefore, the allegations are denied.

14.    The allegations in paragraph 14 are vague, ambiguous, conclusory, and fail to state specific facts sufficient to permit a meaningful response. Defendant therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations and denies the allegations.

15.    Defendant denies any and all allegations that it violated the FOIA and that it caused injury to Plaintiff. The reference in the first sentence to a "matter of public interest" is vague, ambiguous, conclusory, and fails to state specific facts sufficient to permit a meaningful response and, therefore, the allegations are denied. The remaining allegations in this paragraph purport to characterize Plaintiff's criticism of a border wall and do not set forth claims for relief or aver facts in support of claims for relief; these allegations should therefore be stricken as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, the allegations are vague, ambiguous, conclusory, and fail to state specific facts sufficient to permit a meaningful response, including broad references to the "Center's ability to provide complete, accurate, and current information" and "the Center's mission," and the allegations are therefore denied.

16.    Defendant admits the allegation in the first sentence of paragraph 16. To the extent that Plaintiff is suggesting, in the second sentence of paragraph 16, that CBP is the only federal agency responsible for border security, Defendant denies the allegation. The reference to "the records the Center seeks" is vague, ambiguous, conclusory, and fails to state specific facts sufficient to permit a meaningful response. Defendant thus lacks knowledge and information

sufficient to form a belief about the truth of that allegation and denies the allegation. The remaining allegations in the second and third sentences of paragraph 16 are conclusions of law to which no response is required.

## STATUTORY BACKGROUND

17.     The allegations in paragraph 17 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

18.     The allegations in paragraph 18 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

19.     The allegations in paragraph 19 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the decision cited and denies all allegations inconsistent therewith.

20.     The allegations in paragraph 20 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

21.     The allegations in paragraph 21 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

22.     The allegations in paragraph 22 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

23.     The allegations in paragraph 23 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

24.     The allegations in paragraph 24 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

25.     The allegations in paragraph 25 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

26.     The allegations in paragraph 26 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

27.     The allegations in paragraph 27 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

28.     The allegations in paragraph 28 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

29.     The allegations in paragraph 29 are conclusions of law to which no response is required. To the extent any response is required, Defendant respectfully refers the Court to the provisions of the FOIA and denies all allegations inconsistent therewith.

## STATEMENT OF FACTS

A. **The Center's First March 6, 2026 Request to DHS, CBP, and Big Bend Border Patrol Sector (CBP-FO-2026-071728)**

30.    Defendant admits only that Plaintiff submitted a FOIA request on March 6, 2026; to the extent the allegations in paragraph 30 characterize Plaintiff's FOIA request, Defendant avers that the request speaks for itself and is the best evidence of its contents and Defendant denies any allegations inconsistent therewith.

31.    Defendant admits that it received an expedited processing request.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the reason(s) or motivation(s) for the submission of an expedited processing request. To the extent the allegations seek to support claims of public concern or public interest, the allegations are too vague, ambiguous, and conclusory to permit a meaningful response. Defendant therefore lacks knowledge and information sufficient to form a belief about the truth of those allegations and denies the allegations.

32.    Defendant admits that it has not produced records to Plaintiff in response to the FOIA request. Defendant denies any and all allegations that it has violated the FOIA.

33.    The allegations in paragraph 33 are conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies any and all allegations that it has violated the FOIA.

34.    Defendant admits that it has not produced records to Plaintiff in response to the FOIA request and has not communicated with Plaintiff about the scope of the request, appeals, or dates. Defendant denies any and all allegations that it has violated the FOIA.

9

35.    Defendant admits that it has not produced records in response to FOIA request number CBP-FO-2026-071728. Defendant denies any and all allegations that it has violated the FOIA.

36.    Defendant admits that it has not issued a final determination regarding the FOIA request and that it has not communicated with Plaintiff about the scope of the request, search terms, or dates. Defendant denies any and all allegations that it has violated the FOIA. Defendant avers that it is exercising due diligence and that unusual and/or exceptional circumstances exist that necessitate additional time. Due to a lapse in appropriations, CBP's FOIA Division was not able to send acknowledgements of new FOIA requests from on or about March 6, 2026 through in or about mid-April 2026, and was generally not able to work on FOIA matters from on or about March 12, 2026 through in or about mid-April 2026 absent an exception such as a court order denying a stay. CBP's FOIA Division is working expeditiously on the resulting backlog.

**B.    The Center's Second March 6, 2026 Request to DHS, CBP, and Big Bend Border Patrol Sector (CBP-FO-2026-071725)**

37.    Defendant admits only that Plaintiff submitted a FOIA request on March 6, 2026; to the extent the allegations in paragraph 37 characterize Plaintiff's FOIA request, Defendant avers that the request speaks for itself and is the best evidence of its contents and Defendant denies any allegations inconsistent therewith.

38.    Defendant admits that it received an expedited processing request.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the reason(s) or motivation(s) for the submission of an expedited processing request. To the extent the allegations seek to support claims of public concern or public interest, the allegations are too vague, ambiguous, and conclusory to permit a meaningful response. Defendant therefore lacks

knowledge and information sufficient to form a belief about the truth of those allegations and denies the allegations.

39.    Defendant admits that it has not produced records to Plaintiff in response to the FOIA request. Defendant denies any and all allegations that it has violated the FOIA.

40.    The allegations in paragraph 40 are conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies any and all allegations that it has violated the FOIA.

41.    Defendant admits that it has not produced records to Plaintiff in response to the FOIA request and has not communicated with Plaintiff about the scope of the request, appeals, or dates. Defendant denies any and all allegations that it has violated the FOIA.

42.    Defendant admits that it has not produced records in response to FOIA request number CBP-FO-2026-071725. Defendant denies any and all allegations that it has violated the FOIA.

43.    Defendant admits that it has not issued a final determination regarding the FOIA request and that it has not communicated with Plaintiff about the scope of the request, search terms, or dates. Defendant denies any and all allegations that it has violated the FOIA. Defendant avers that it is exercising due diligence and that unusual and/or exceptional circumstances exist that necessitate additional time. Due to a lapse in appropriations, CBP's FOIA Division was not able to send acknowledgements of new FOIA requests from on or about March 6, 2026 through in or about mid-April 2026, and was generally not able to work on FOIA matters from on or about March 12, 2026 through in or about mid-April 2026 absent an exception such as a court order denying a stay. CBP's FOIA Division is working expeditiously on the resulting backlog.

## CLAIM FOR RELIEF

44.     Defendant reincorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

45.     Defendant denies the allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant denies the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Paragraph 52 contains Plaintiff's characterization of the relief that Plaintiff seeks to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

This section, including paragraphs 1-7, sets forth Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested. Defendant denies any and allegations that it violated the FOIA.

Any allegations set forth in Plaintiff's Complaint that were not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim on which relief can be granted.

2.     The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

12

3.      There is no provision of the FOIA for obtaining declaratory relief.

4.      Plaintiff is not entitled to compel the production of records protected from disclosure under the FOIA or under other provisions of law, and Plaintiff is not entitled to compel production of records that are not subject to the FOIA.

5.      Plaintiff has failed to describe the requested records with sufficient particularity as required by the FOIA and has therefore failed to exhaust administrative remedies.

6.      The Complaint should be dismissed to the extent the FOIA requests fail to reasonably describe the records sought and/or present an unduly burdensome effort of search, review, redaction, and production for Defendant.

7.      Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

8.      Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

9.      Defendant is exercising due diligence in processing Plaintiff's FOIA request and unusual and/or exceptional circumstances exist that necessitate additional time for Defendant to process the FOIA request. *See* 5 U.S.C. § 522(a)(6).

10.     To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint and explaining that "[i]n this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that

13

are not material to Plaintiffs' FOIA claim, would prejudice Defendants"); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

11.    At all times alleged in the Complaint, Defendant has acted in good faith, with justification, and pursuant to authority.  Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

Respectfully submitted,

**JUSTIN R. SIMMONS**
UNITED STATES ATTORNEY

By:    /s/ Anna E. Arreola
**ANNA E. ARREOLA**
Assistant United States Attorney
New York Registration No. 4151775
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
Email: Anna.Arreola@usdoj.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants: Dustin Rynders, Kate Gibson Kumar, and Alana Lani Park with the Texas Civil Rights Project, and Emma Yip and Shannon Eva Labuschagne with the Center for Biological Diversity, *Attorneys for Plaintiff*.

/s/ Anna E. Arreola
**ANNA E. ARREOLA**
Assistant United States Attorney

14