**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>*Defendant.* | Case No. 3:26-cv-00976-KC |

**JOINT STATUS REPORT**

Pursuant to the Court's Scheduling Order dated July 19, 2026, ECF No. 13, Plaintiff Center for Biological Diversity (the "Center") and Defendant U.S. Customs and Border Protection ("CBP") respectfully submit their Second Joint Status Report regarding the status of this Freedom of Information Act ("FOIA") matter:

This case concerns two FOIA requests the Center submitted to CBP on March 6, 2026.[1] Plaintiff filed its Complaint on April 7, 2026, ECF No. 1, and Defendant filed its Answer on June 1, 2026, ECF No. 11. In June, the parties met and conferred regarding the scope of the FOIA requests and proposed a processing and production schedule. Defendant agreed to process at least 500 pages per month and provide monthly interim productions of responsive records that are not protected by privilege(s), privacy laws, and/or applicable FOIA exemption(s).

[1] On June 17, 2026, the Center submitted a new FOIA request to CBP, requesting records regarding the designation of additional waiver areas as areas "of high illegal entry," apprehension and rate of entry figures for the entire Big Bend Sector, and border wall construction records. On July 14, 2026, CBP informed the Center that its June 17 FOIA request "ha[d] been closed as it is a duplicate of Center for Biological Diversity v. U.S. CBP, 3:26-CV-976." Accordingly, Plaintiff maintains that the universe of records at issue in the present litigation encompass the June 17 request.

Following Defendant's first interim production, where CBP reported that the records processed were non-responsive and therefore produced no records, and to ensure that future processing efforts focused on records most likely to contain responsive information, Plaintiff requested that Defendant's Second Interim Production focused on construction plans for border wall projects in the Big Bend Sector.

Instead, CBP processed another batch of email records. On August 28, CBP issued a Second Interim Response letter stating that CBP processed 502 pages consisting of email correspondence discussing "high illegal entry." As with the previous batch of records it processed, CBP again reported that the records processed were non-responsive and therefore produced no records.

The parties conferred on September 4, 2026, regarding the focus of upcoming processing and productions. During that discussion, Plaintiff again requested that Defendant prioritize records relating to construction records in Big Bend and specifically requested the final contracts awarded for border barrier construction in the Big Bend Sector.

Defendant maintains CBP FOIA is attempting to shift focus from processing emails to processing final contracts identified by Plaintiff. However, for the processing period that ends this month, CBP FOIA already started reviewing emails with the phrase "high illegal entry" from a custodian. And, CBP FOIA cannot make any guarantees that it will be able to complete processing of any of the pages for these contracts by the end of this month. CBP FOIA may need to work with consulting agencies with equities in the records. In addition, CBP FOIA must provide any relevant third parties with an opportunity to respond to any potential disclosure. Accordingly, in order to complete this month's processing deadline of 500 pages per month, CBP FOIA may need to continue reviewing and processing emails.

Plaintiff states the possibility that contract records may require consultation does not justify postponing their review. To the contrary, any such consultations provide additional reason to begin processing the contracts promptly rather than delaying their review while CBP continues processing other categories of records that have, to date, only yielded purportedly non-responsive records. Plaintiff therefore continues to request that Defendant focuses processing efforts on construction contracts. It further notes that CBP's commitment to process 500 pages per month does not change merely because some of the records are contracts.

The parties discussed the timing of the next Interim Production. Defendant's counsel stated that, if the records are not ready for production by the end of September, but become ready for production during October, CBP will not make a production until the end of October. According to CBP FOIA, it does not generally release documents on a rolling basis.

Plaintiff does not agree that records from one processing cycle may be withheld until the next scheduled production cycle. Defendant agreed to process 500 pages and produce releasable records by the end of each month. In the event that Defendant fails to release records on time, it should promptly release any records without unnecessary delay. Plaintiff is not aware of any basis for withholding completed records for an additional month, particularly given that the requests have been pending for more than six months and no records have yet been produced. If responsive records remain withheld after processing is complete, or if production continues to be delayed, Plaintiff will consider seeking appropriate relief from the Court.

Defendant's position is that Defendant and consulting agencies have an obligation to ensure that exempt information is protected, and that such a decision can only be made after consulting agencies with equities in the records have completed their review. It is also Defendant's position that adhering to the end-of-month processing and production schedule maintains an organized and

efficient review process, and that requiring Defendant to process and produce records in a piecemeal fashion would disrupt the review process.

The parties will submit another joint status report on or before October 9, 2026, pursuant to the Court's Scheduling Order, ECF No. 13.

DATED: September 10, 2026

Respectfully submitted,

*/s/* Shannon E. Labuschagne

Shannon E. Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 493-2447
Fax: (520) 623-9797
slabuschagne@biologicaldiversity.org

Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

*Attorneys for Plaintiff*

AND

**JUSTIN R. SIMMONS**
UNITED STATES ATTORNEY

Date: September 10, 2026

By: */s/ Anna E. Arreola*
**ANNA E. ARREOLA**
Assistant United States Attorney
New York Registration No. 4151775
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
Email: Anna.Arreola@usdoj.gov
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on September 10, 2026, the foregoing document was filed electronically through the CM/ECF system, which will serve it on all registered counsel.

DATED: September 10, 2026

*/s/* Anna E. Arreola
Anna E. Arreola
Assistant U.S. Attorney