**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

CENTER FOR BIOLOGICAL DIVERSITY,

*Plaintiff,*

v.

U.S. CUSTOMS AND BORDER PROTECTION,

*Defendant.*

Case No. 3:26-cv-00976-KC

**JOINT STATUS REPORT**

Pursuant to the Court's Scheduling Order dated July 19, 2026, ECF No. 13, Plaintiff Center for Biological Diversity (the "Center") and Defendant U.S. Customs and Border Protection ("CBP") respectfully submit their Fourth Joint Status Report regarding this Freedom of Information Act ("FOIA") matter:

This case concerns two FOIA requests the Center submitted to CBP on March 6, 2026. Plaintiff filed its Complaint on April 7, 2026, ECF No. 1, and Defendant filed its Answer on June 1, 2026, ECF No. 11. On June 17, 2026, the Center submitted a new FOIA request to CBP, requesting records regarding the designation of additional waiver areas as areas "of high illegal entry," apprehension and rate of entry figures for the entire Big Bend Sector, and border wall construction records. On July 14, 2026, CBP informed the Center that its June 17 FOIA request "ha[d] been closed as it is a duplicate of Center for Biological Diversity v. U.S. CBP, 3:26-CV-976." Accordingly, Plaintiff's position is that the universe of records at issue in the present litigation encompasses the June 17 request.

In June, the parties met and conferred regarding the scope of the FOIA requests and

proposed a processing and production schedule. Defendant agreed to process at least 500 pages per month and provide monthly interim productions of responsive records that are not protected by privilege(s), privacy laws, and/or applicable FOIA exemption(s).

Since then, Defendant has completed four interim productions. In the first three interim responses, CBP reported that the documents processed were non-responsive and therefore produced no records. On October 31, 2026, Defendant made its Fourth Interim Production and produced 525 pages of contracts for border barrier construction projects in the Big Bend Sector. Plaintiff is still in the process of reviewing those records but raised several initial concerns with Defendant. Specifically, Plaintiff explained in an email that the redactions and chosen formatting is impeding review. For example, Plaintiff noted that the records were not produced in OCR-searchable format as requested, it was unclear what contracts had been produced, and whether any contract has been provided in its entirety. Defendant has not provided a Vaughn Index.

In response to Plaintiff's concerns, Defendant responded that Defendant's failure to produce the documents in an OCR-searchable format was inadvertent. Defendant further responded that future productions will be in an OCR-searchable format. Defendant also provided information on how to identify the contracts associated with the documents. Finally, Defendant's position is that it is not required to provide a Vaughn Index until the final production.

Plaintiff is continuing to review the records produced in the Fourth Interim Production and reserves the right to challenge any asserted exemptions, redactions, withholdings, or other aspects of Defendant's response following completion of that review.

It is unclear whether the parties agree on the scope of records encompassed by this litigation. As noted above, CBP informed Plaintiff that its June 17, 2026 FOIA request had been closed as a "duplicate" of this action. Plaintiff accordingly maintains that records responsive to the

June 17 request are within the scope of this litigation. Plaintiff brought closure of the June 17 request to Defendant's attention in a September 1, 2026 email and subsequently raised the issue in both the September and October Joint Status Reports. Plaintiff again requested clarity on Defendant's position by email on November 3, 2026, and November 9, 2026.On November 10, 2026, Defendant advised that it is not opposed to Plaintiff amending its complaint to include the June 2026 FOIA request.

The parties will submit another joint status report on or before December 10, 2026, pursuant to the Court's Scheduling Order, ECF No. 13.

DATED: November 10, 2026

Respectfully submitted,

*/s/ Shannon E. Labuschagne*

Shannon E. Labuschagne (CA Bar No. 365633)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (510) 493-2447
Fax: (520) 623-9797
slabuschagne@biologicaldiversity.org

Emma Yip (CA Bar No. 352446)
Center for Biological Diversity
2100 Franklin St., Ste 375
Oakland, CA 94612
Tel: (206) 858-2297
Fax: (520) 623-9797
eyip@biologicaldiversity.org

Dustin Rynders (TX Bar No. 24048005)
TEXAS CIVIL RIGHTS PROJECT
P. O. Box 1108
Houston, TX 77251
Tel: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

*Attorneys for Plaintiff*

AND

**JUSTIN R. SIMMONS**
UNITED STATES ATTORNEY

Date: November 10, 2026

By: */s/ Anna E. Arreola*
**ANNA E. ARREOLA**
Assistant United States Attorney
New York Registration No. 4151775
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
Email: Anna.Arreola@usdoj.gov
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2026, the foregoing document was filed electronically through the CM/ECF system, which will serve it on all registered counsel.

DATED: November 10, 2026

*/s/* Anna E. Arreola
Anna E. Arreola
Assistant U.S. Attorney